# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| MICHAEL FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:22-cv-14265-AMC |
| | ) | |
| v. | ) | CREDIT CONTROL, LLC'S |
| | ) | SECOND AMENDED ANSWER AND AFFIRMATIVE |
| CREDIT CONTROL, LLC, | ) | DEFENSES |
| | ) | |
| Defendant. | ) | |

## CREDIT CONTROL, LLC'S SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Credit Control, LLC ("Credit Control"), by and through its counsel, hereby files its Second Amended Answer and Affirmative Defenses and answers the Complaint of Plaintiff, Michael Frazier ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

(UNNUMBERED PARAGRAPH) Credit Control admits that Plaintiff is seeking redress for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.,* but denies any liability under same and denies it violated the law.

## JURISDICTION AND VENUE

1. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control states that this action has been removed to this Court, and therefore denies the allegations of this paragraph.

2. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control states that this action has been removed to this Court, and therefore denies the allegations of this paragraph.

3. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control lacks sufficient information to form a belief as to the allegations set forth in this paragraph, and therefore denies the same.

4. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control states that this action has been removed to this Court, and therefore denies the allegations of this paragraph.

## PARTIES

5. Credit Control lacks sufficient information to form a belief as to the allegations concerning Plaintiff's residency, and therefore denies the same.

6. Credit Control admits this paragraph.

## DEMAND FOR JURY TRIAL

7. This paragraph is a jury trial demand to which no response is necessary.

## FACTUAL ALLEGATIONS

8. Credit Control lacks sufficient information to form a belief as to the allegations in this paragraph, and therefore denies same.

9. Credit Control lacks sufficient information to form a belief as to the allegations in this paragraph, and therefore denies same.

10. Credit Control lacks sufficient information to form a belief as to the allegations in this paragraph, and therefore denies same.

11. Paragraph 11 states legal conclusions, including but not limited to the use of the terms "consumer," and "debt," to which no response is required. To the extent a response is necessary, Credit Control lacks sufficient information to form a belief as to the allegations in this paragraph, and therefore denies same.

12. Paragraph 12 states legal conclusions, including but not limited to the use of the terms "consumer," and "debt," to which no response is required. To the extent a response is necessary, Credit Control lacks sufficient information to form a belief as to the allegations in this paragraph, and therefore denies same.

13. Paragraph 13 states legal conclusions, including but not limited to the use of the terms "consumer," and "debt," to which no response is required. To the extent a response is necessary, Credit Control lacks sufficient information to form a belief as to the allegations in this paragraph, and therefore denies same.

14. Paragraph 14 states legal conclusions, including but not limited to the use of the terms "consumer," and "debt," to which no response is required. To the extent a response is necessary, Credit Control lacks sufficient information to form a belief as to the allegations in this paragraph, and therefore denies same.

15. Paragraph 15 states legal conclusions, including but not limited to the use of the terms "consumer," and "debt," to which no response is required. To the extent a response is necessary, Credit Control lacks sufficient information to form a belief as to the allegations in this paragraph, and therefore denies same.

16. Paragraph 16 states legal conclusions, including but not limited to the use of the terms "consumer," and "debt," to which no response is required. To the extent a response is necessary, Credit Control admits it attempted to collect Plaintiff's financial obligation.

17. Paragraph 17 states legal conclusions, including but not limited to the use of the terms "consumer," and "debt," to which no response is required. To the extent a response is necessary, Credit Control admits it attempted to collect Plaintiff's financial obligation.

18.     Paragraph 18 states legal conclusions, including but not limited to the use of the terms "consumer," and "debts," to which no response is required. To the extent a response is necessary, Credit Control admits it engages in the business of collecting financial obligations.

19.     Paragraph 19 states legal conclusions, including but not limited to the use of the term "debts," to which no response is required. To the extent a response is necessary, Credit Control admits it engages in the business of collecting financial obligations.

20.     Paragraph 20 states legal conclusions, including but not limited to the use of the term "debts," to which no response is required. To the extent a response is necessary, Credit Control admits it engages in the business of collecting financial obligations owed to others.

21.     Credit Control admits this paragraph.

22.     Credit Control admits this paragraph.

23.     Credit Control admits this paragraph.

24.     Credit Control admits this paragraph.

25.     This paragraph states a legal conclusion, to which no response is required. To the extent a response is necessary, Credit Control states that Rule 69V-180.080 speaks for itself, and denies any allegations inconsistent with the meaning or language of Rule 69V-180.080.

26.     This paragraph states a legal conclusion, to which no response is required. To the extent a response is necessary, Credit Control states that Rule 69V-180.080 speaks for itself, and denies any allegations inconsistent with the meaning or language of Rule 69V-180.080.

27.     This paragraph states a legal conclusion, to which no response is required. To the extent a response is necessary, Credit Control states that Rule 69V-180.080 speaks for itself, and denies any allegations inconsistent with the meaning or language of Rule 69V-180.080.

28.     Credit Control states that Exhibit A speaks for itself.

29. Paragraph 29 states legal conclusions, including but not limited to the use of the terms "communication" and "debt," to which no response is required. To the extent a response is necessary, Credit Control admits it sent Plaintiff a letter regarding Plaintiff's financial obligation. Credit Control denies any allegations not specifically admitted.

30. Paragraph 30 states legal conclusions, including but not limited to the use of the term "debt," to which no response is required. To the extent a response is necessary, Credit Control admits that it attempted to collect Plaintiff's financial obligation. Credit Control denies any allegations not specifically admitted.

31. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies each and every allegation of this paragraph.

## COUNT I
## 15 U.S.C. § 1692e(2)(A)

15   Credit Control reincorporates the statements, responses, and denials contained in all previous paragraphs above as if fully set out herein.

16   This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control states that the rule speaks for itself, and denies any allegation inconsistent with the language or meaning of Fla. Stat. § 440.13(2)(a).

17   This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control states that the rule speaks for itself, and denies any allegation inconsistent with the language or meaning of Fla. Stat. § 440.13(13)(a).

18   This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control states that the rule speaks for itself, and denies any allegation inconsistent with the language or meaning of Fla. Stat. § 440.13.

19      This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control states that the rule speaks for itself, and denies any allegation inconsistent with the language or meaning of the FDCPA.

20      This paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the conduct alleged, denies it violated the FDCPA, and denies the remaining allegations of this paragraph.

21      This paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the conduct alleged, denies it violated the FDCPA, and denies the remaining allegations of this paragraph.

22      This paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the conduct alleged, denies it violated the FDCPA, and denies the remaining allegations of this paragraph.

23      This paragraph states legal conclusions to which no response is required. To the extent a response is necessary, Credit Control denies the conduct alleged, denies it violated the FDCPA, and denies the remaining allegations of this paragraph.

24      This Paragraph and its subparts make up a prayer for relief, to which no response is necessary. To the extent a response is required, Credit Control denies the conduct alleged, denies it violated the FDCPA, denies Plaintiff was damaged, denies Plaintiff is entitled to the damages listed in this paragraph and its subparts, and denies the remainder of this paragraph and its subparts.

## **AFFIRMATIVE DEFENSES**

I.      To the extent a violation of the law occurred, which is expressly denied, such violation as the result of a bona fide error despite the adoption of procedures reasonably designed

to prevent such an error. Specifically, Defendant employs a data scrub process which is designed to identify whether an account is identified as a "workers' compensation claim." Moreover, Defendant also requires its clients who place files with it to ensure that no workers' compensation claims are placed with Defendant.

  II.  Plaintiff's damages, if any, were pre-existing and were not caused by Credit Control.

  III.  Plaintiff failed to mitigate his claimed damages, if any.

  IV.  Plaintiff proximately caused his own damages, if any.

  V.  Plaintiff has failed to state a claim upon which relief may be granted.

  VI.  Plaintiff's damages, if any, are the result of the actions of third parties over whom Credit Control has no control.

  VII.  Credit Control acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Credit Control is found to be unlawful, which Credit Control expressly denies, such conduct was not willful and should not give rise to liability.

  VIII.  Any error or violation of the law that occurred, which is denied, occurred as a result of a bona fide error notwithstanding procedures reasonably adapted to avoid such an error. Specifically, Credit Control has a policy and procedure of receiving and relying on balance and debt information provided to it by creditors. Credit Control has a policy against collecting debts where it has reason to believe or know that the debt is not owed. Credit Control further has a policy and procedure wherein creditors notify it of any changes to the status or determination of a debt being owed. Credit Control's policy prohibits it from collecting debts it has reason to believe are not owed and it relies on the creditors' files and information regarding the status of a debt along with other reasonably available information including the communications from

consumers in making this determination. Credit Control's process is an ongoing process where it receives and modifies the status of a debt when new information becomes available.

WHEREFORE, Defendant Credit Control, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and grant such other relief as this Court deems just and proper.

October 11, 2022

                                         Respectfully Submitted,

                                          /s/ Sangeeta Spengler
                                         Sangeeta Spengler., ESQ.
                                         GOLDEN SCAZ GAGAIN, PLLC
                                         1135 Marbella Plaza Drive
                                         Tampa, Florida 33619
                                         P: (813) 251-5500
                                         F: (813) 251-3675
                                         spspengler@gsgfirm.com
                                         Counsel for Defendant